IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F. G. CROSTHWAITE, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>UTILITY SERVICES OF NEVADA, INC.,<br>a Nevada corporation, doing business in<br>California as UTILITY SERVICES OF NV,<br>INC.,<br><br>   Defendant.<br>_____ / | No. C 12-04789 WHA<br><br>**ORDER GRANTING<br>PLAINTIFFS' MOTION FOR<br>DEFAULT JUDGMENT** |

## INTRODUCTION

In this action under the Employee Retirement Income Security Act and Labor Management Relations Act, plaintiffs move for default judgment. For the following reasons, the motion is **GRANTED**.

## STATEMENT

The facts alleged by plaintiffs are as follows. Defendant is signatory to several Subcontracting and/or Memorandum Project Agreements which incorporates all of the terms of the Master Construction Agreement for Northern California between the Associated General Contractors of California and the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO. These agreements, collectively the "bargaining agreement," provide that defendant shall be bound by the wage rates, fringe benefit rates, hours and all other terms and conditions of employment contained in the bargaining agreement. The ERISA plaintiffs and trust funds are third party beneficiaries of that bargaining agreement.

1    The bargaining agreement requires defendant to make contributions based on the hours
2 worked by employees of defendant to the plaintiff ERISA trusts, requires defendant to pay
3 benefit contributions to plaintiffs, and enumerates the consequences should the employer fail to
4 do so.  If a contribution is delinquent, the bargaining agreement mandates the defendant to pay
5 liquidated damages on the delinquent contributions equal to 10% of each month of delinquent
6 contributions, increased to 20% at the time litigation starts.  Interest on delinquent contributions
7 is also due under the agreements at a rate of 10% per annum.  The bargaining agreement also
8 provides for reimbursement of attorneys' fees and costs, as well as any other expenses incurred
9 in connection with the delinquency.

10    Defendant acknowledged its debt and entered into a letter agreement with plaintiff which
11 provided a payment plan for December 2011 through April 2012 contributions.  Defendant
12 allegedly did not comply with the payment plan.

13    Plaintiffs filed this action to compel defendant to pay employee benefit contributions for
14 hours worked by its employees during the months of July 2011, December 2011, January 2012,
15 and April 2012 through July 2012, to pay liquidated damages and interest incurred on these
16 unpaid contributions, as well as for prior periods where contributions were paid late, and to pay
17 any additional contributions payable at the time of judgment, plus liquidated damages and
18 interest.

19    Plaintiffs state that plaintiffs seek to recover a total figure of $24,664.10, comprising:  (i)
20 contributions, liquidated damages, and interest totaling $16,068.20; (ii) attorney's fees totaling
21 $7,022.50; (iii) anticipated attorney's fees totaling $1,080.00 in connection with the instant
22 motion and hearing; and (iv) $493.40 in costs.  Plaintiffs, however, miscalculated the liquidated
23 damages because it applied the 20% to unpaid contributions prior to filing the complaint. The
24 correct total figure is $22,494.29.

25    Defendant has been served with all filed pleadings to date.  The clerk entered default
26 against defendant in November 2012.  The instant motion for default was filed in December
27 2012 with a hearing noticed for January 2013.  Defendant did not file an opposition to plaintiffs'
28

2

1  motion for default judgment.  Neither defendant nor plaintiff appeared at the default judgment
2  hearing.

## ANALYSIS

### 1. DEFAULT JUDGMENT

Federal Rule 55(b)(2) permits a court, following an entry of default, to enter default judgment against a defendant.  "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The scope of relief allowed through default judgment is limited by Rule 54(c), which states that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

District courts must consider several factors when exercising discretion to award default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

After entry of default, well-pled allegations in the complaint regarding liability are taken as true, except as to amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  Defendants never answered or otherwise responded to the complaint, so none of the material liability facts are disputed.  Indeed, because these facts are easily verifiable with reference to the contracts and payment records, it is unlikely that they would be disputed.  The facts set forth in the complaint sufficiently state claims for relief for breach of a collective bargaining agreement pursuant to ERISA (29 U.S.C. 1132, 1145) and the Labor Management Relations Act (29 U.S.C. 185).  Consequently, *Eitel* factors two, three, and five weigh in favor of the entry of default judgment.  For the following reasons, each of the remaining factors also favors entry of default judgment.

3

*First*, if the motion were denied, plaintiffs would be without a remedy. Declining to enter a default judgment therefore would result in prejudice to plaintiffs.

*Second*, the sum of money at stake is moderate. A large sum would disfavor default judgment. *See Eitel*, 782 F.2d at 1472 (finding that, in light of the parties' dispute as to material facts, having a $2,900,000 judgment at stake supported a decision not to enter default judgment). Plaintiffs here seek a total judgment of $24,664.10. Although a substantial amount, this is a far cry from the $2,900,000 sum contemplated in *Eitel*.

*Third*, it is unlikely that default was the result of excusable neglect. This action was filed in September 2012, and defendant was properly served at that time. Defendant presumably was aware of its payment obligations and was put on fair notice of this action against it.

*Fourth*, although federal policy favors decisions on the merits, Rule 55(b)(2) permits entry of default judgment in situations such as this where a defendant refuses to litigate.

After consideration of all of the *Eitel* factors, this order finds that the entry of default judgment is warranted.

### 2. DETERMINATION OF RELIEF

When judgment is entered against an employer who is found liable for delinquent contributions, an award of unpaid contributions, interest, liquidated damages, and reasonable attorney's fees and costs, as provided in the agreement, is mandatory. 29 U.S.C. 1132(g)(2); *Northwest Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996). Based on the declarations submitted by plaintiffs, plaintiffs seek the following relief: (1) $8,213.24 in unpaid contributions; (2) $934.37 in unpaid interest; (3) $6,920.59 in liquidated damages; and, (4) $8,595.90 in attorney's fees and costs. The total judgment sought is $24,664.10.

#### A. Unpaid Contributions

Based on a spreadsheet compiled from "trust fund records" by plaintiffs' collections manager and a corresponding sworn declaration, plaintiffs ask for $8,213.24 in unpaid contributions for hours worked by defendants' employees during the months of July 2011, December 2011, January 2012, and April 2012 through July 2012 (Hayner Decl. ¶8 and Exh. F). Plaintiffs' request for unpaid contributions is adequately supported. It is therefore **GRANTED**.

4

**B.     Interest**

Interest on unpaid contributions must be calculated "by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26." 29 U.S.C. 1132(g)(2)(E). Simple interest is owed at 10% per annum on the unpaid contributions (Hayner Decl. ¶ 7 and Exh. E). Here, plaintiffs claim $934.37 in interest (Hayner Decl. ¶ 10). This rate is reasonable and was agreed to by defendant when it signed the contracts (Hayner Exh. E). Plaintiffs' request for interest is **GRANTED**.

**C.     Liquidated Damages**

In addition to unpaid contributions, interest thereon, and reasonable attorneys' fees and costs, "the court *shall* award the plan . . . an amount equal to the greater of – (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent." 29 U.S.C. 1132(g)(2) (emphasis added). Here, the plan provides for liquidated damages at the rate of 10% of unpaid contributions, increasing to 20% after a lawsuit is filed, although liquidated damages are not applicable to all of the trust funds (Hayner Decl. ¶ 8). Plaintiffs request liquidated damages totaling $6,920.59 (Hayner Decl. ¶ 9). Upon review of the record and the relevant law, this order finds that the liquidated damages were miscalculated because plaintiffs increased liquidated damages to 20% on contributions that were unpaid prior to filing the complaint. Rather, 10% should have been applied to the unpaid contributions of December 2011, January 2012, and April 2012 through July 2012. The correct figure for total liquidated damages is $4,750.78. Plaintiffs' request for liquidated damages is **GRANTED** for the amount of $4,750.78.

**D.     Attorney's Fees and Costs**

Plaintiffs seek $7,022.50 in attorney's fees through December 12, 2012, $1,080.00 in attorney's fees in connection with preparation for and attendance at the hearing on this motion, and $493.40 in costs, for a total of $8,595.90 (Stafford Decl. ¶¶ 13–15). Plaintiffs have submitted a declaration from a supervising attorney stating that she billed 19.5 hours, and that a partner and two paralegals spent .50 and 23.5 hours, respectively (Stafford Decl. ¶ 13). Viewed as a whole, the documentation is adequate. Of the $1,080, $240 corresponds to paralegal time

5

spent on the instant motion and $840 corresponds to anticipated attorney's fees for oral argument. The $840 for oral argument will be deducted because plaintiffs' attorney did not appear at the hearing. Plaintiffs' request for attorney's fees and costs is **GRANTED** for the amount of $7,755.90.

## CONCLUSION

For the above reasons, plaintiffs' motion for entry of default judgment is **GRANTED**. Plaintiffs may recover the following: (1) $8,213.24 in unpaid contributions; (2) $934.37 in unpaid interest; (3) $4,750.78 in liquidated damages; and (4) $7,755.90 in attorney's fees and costs, for a total amount of $21,654.29.

Ms. Stafford was not at fault in failing to appear at yesterday's hearing. Nonetheless, the best course is to grant her motion for default judgment and not reduce her complicated agreement to a different judgment (and retain long-term jurisdiction to supervise the payment schedule).

**IT IS SO ORDERED.**

Dated: January 25, 2013.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE