United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

F.G. CROSTHWAITE, et al, as Trustees of
the OPERATING ENGINEERS' HEALTH
AND WELFARE TRUST FUND, et al.,

    Plaintiffs,

  v.

UTILITY SERVICES OF NEVADA, INC.,
a Nevada Corporation, doing business in
California as UTILITY SERVICES OF NV,
INC.,

    Defendant.

No. C 12-04789 WHA

**ORDER DENYING REQUEST
TO ENTER JUDGMENT
PURSUANT TO STIPULATION**

After issuing default judgment against defendant, plaintiffs file a renewed request to enter judgment pursuant to stipulation. For the reasons stated below, this request is **DENIED**.

Plaintiffs filed this action in September 2012 to compel defendant to pay employee benefit contributions for hours worked by its employees during the months of July 2011, December 2011, January 2012, and April 2012, through July 2012; to pay liquidated damages and interest incurred on these unpaid contributions, as well as for prior periods where contributions were paid late; and to pay any additional contributions payable at the time of judgment, plus liquidated damages and interest. In November 2012, the clerk entered default against defendant and, in the following month, plaintiffs filed a motion for default judgment. No appearance was ever made by the corporate defendant. Neither defendant nor plaintiffs

1  appeared at the default judgment hearing. On January 25, 2013, the Court issued an order
2  granting plaintiffs' motion for default judgment and judgment was entered against defendant for
3  the amount of $10,208.79 (Dkt. Nos. 33–34).

4  Plaintiffs now file the instant renewed request to enter judgment pursuant to stipulation.
5  Plaintiffs resubmitted a stipulation that was filed the day before the default judgment hearing
6  and which was briefly addressed in the order granting plaintiffs' motion for default judgment:
7  "The best course is to grant [plaintiffs'] motion for default judgment and not reduce [their]
8  complicated agreement to a different judgment (and retain long-term jurisdiction to supervise the
9  payment schedule)" (Dkt. No. 33 at 6). Plaintiffs now argue that the stipulation is desirable for
10 plaintiffs because it provides for a personal guarantee and it provides that current contributions
11 must be paid. Also, plaintiffs argue that this ensures that they do not have to file multiple
12 successive legal actions for additional delinquencies.

13 The Supreme Court and our court of appeals have held that a corporation may appear in
14 federal court only through licensed counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194,
15 201 (1993); *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1244 (9th Cir. 1993);
16 Civil L.R. 3–9(b). Here, the only named defendant is Utility Services of Nevada, Inc. — a
17 corporation. No counsel has made an appearance for defendant and Mr. John Patrick Benedict,
18 while signing for defendant, is not counsel. This stipulation has no effect.

19 Conceivably, Mr. Benedict could appear in his individual capacity as guarantor, but he is
20 not a defendant in the instant action. As such, the Court will not recognize the stipulation even if
21 it were inclined to reserve jurisdiction. This request, therefore, is **DENIED**. This is the end of the
22 matter.

**IT IS SO ORDERED.**

Dated: May 2, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2